UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

98-50815
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                          versus

AGUSTIN BARRON-SALAZAR,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(DR-98-CR-6-1)
_____

June 17, 1999

Before GARWOOD, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Appellant Agustin Barron-Salazar appeals from his conviction
on two counts of transporting illegal aliens in violation of 8
U.S.C. §1324(a)(1)(A)(ii).  On appeal, appellant raises the claim
that the stop of the vehicle in which he was riding was not
justified   We disagree and affirm the judgment of the district
court.

    A Border Patrol agent conducting a roving patrol may make a
temporary investigative stop of a vehicle only if he is aware of

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle is involved in, or its occupant engaged in, criminal activity. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975); *United States v. Cortez*, 449 U.S. 411, 417-22 (1981).

Factors relevant to whether a Border Patrol agent acted with reasonable suspicion include:

> (1) known characteristics of a particular area, (2) previous experience of the arresting agents with criminal activity, (3) proximity of the area to the border, (4) usual traffic patterns of that road, (5) information about recent illegal trafficking in aliens or narcotics in the area, (6) the behavior of the vehicle's driver, (7) the appearance of the vehicle, and (8) the number, appearance and behavior of the passengers.

*United States v. Inocencio*, 40 F.3d 716, 722 (5th Cir. 1994); *United States v. Villalobos*, 161 F.3d 285, 288 (5th Cir. 1998). Reasonable suspicion is to be determined by considering the totality of the circumstances. *Cortez*, 449 U.S. at 421-22; *United States v. Kohler*, 836 F.2d 885, 888 (5th Cir. 1988). Although any single factor standing alone may be insufficient, under the totality-of-the-circumstances analysis, the absence of a particular factor will not control a court's conclusion. *United States v. Cardona*, 955 F.2d 976, 980 (5th Cir. 1992).

Viewing the evidence in a light most favorable to the government, there were several specific articulable facts and rational inferences from those facts supporting a reasonable suspicion that the vehicles' occupants were engaged in the criminal activity of illegally transporting aliens.

The truck in which appellant was a passenger and a white Lincoln which was also stopped were traveling north in tandem twenty-two miles from the border on a road with little traffic. This route north from the border on which the truck traveled would circumvent a permanent check point. The Border Patrol agent that stopped the vehicles had three years of experience and stated that he had performed about twenty-five arrests in the area of the stop the prior year. Before stopping the vehicles, the agent ascertained that the two vehicles were registered to owners in the same city living on the same street. The agent had observed occupants of the white Lincoln slouch down trying to hide. Finally, the vehicles were inconsistent with the types of ranch vehicles commonly used on a road which usually had little traffic. Viewing the totality of the circumstances presented here, we find that the Border Patrol agent acted with reasonable suspicion in stopping the truck in which appellant was riding as well as the white Lincoln. Having rejected appellant's only claim, we pretermit a determination of the government's other arguments in support of the judgment of conviction.

AFFIRMED